UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ANTHONY SOWLES,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | 4:26-CV-04085-KES<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE ANSWER, AND GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT ENTRY |

Plaintiff, Robert Sowles, filed a complaint with this court on May 11, 2026, alleging violations of the Americans with Disabilities Act, for discrimination, failure to accommodate, and retaliation. Docket 1 at 7. The court screened his order under § 1915 and ordered Amazon to "serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service[.]" Docket 6 at 15. A summons was issued, Docket 8, and served on August 25, 2026, Docket 9. Thus, Amazon's answer was due on September 15, 2026. Because Amazon did not answer or otherwise respond to the complaint, on September 16, 2026, Sowles moved the court for an entry of default against Amazon. Docket 12. The clerk entered a default against Amazon under Rule 55(a). Docket 14 at 2. Then, Sowles moved for a default judgment against Amazon on September 17, 2026. Docket 15.

Six days later, on September 23, 2026, Ariel Clarke moved to be admitted pro hac vice to represent Amazon. Docket 17. After the court granted this motion, Amazon moved for leave to file an answer and to set aside the clerk's entry of default on September 25, 2026. Docket 22; Docket 23. Amazon also moves for leave to file an answer instanter. Docket 22. Amazon states "an inadvertent oversight resulted" in an untimely filed answer. *Id.* Amazon attached its answer to the motion. Docket 22-1. Sowles objects to both motions. Docket 24. The court issues the following order.

**DISCUSSION**

Federal Rule of Civil Procedure 55(c) allows a court to set aside entry of default for good cause. Fed. R. Civ. P. 55(c). To determine whether good cause exists to set aside an entry of default, district courts weigh "(1) whether the conduct of the defaulting party was blameworthy or culpable; (2) whether the defaulting party had a meritorious defense; and (3) whether the other party would be prejudiced if the default were excused." *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001); *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)).

Because there is a "judicial preference for adjudication on the merits[,]" entries of default are not favored. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). Thus, "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Johnson*, 140 F.3d at 784. The court reviews and evaluates the same factors in motions to set aside

entries of defaults and motions to set aside default judgment, however, "[m]ost decisions . . . hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." *Id.* at 783 (citation omitted) (alterations in original).

The court will address Amazon's culpable conduct, whether Amazon has a meritorious defense, and any prejudice to Sowles if the default were set aside, in turn.

## I. Blameworthiness or Culpability of Amazon

Amazon argues that its untimely response was due to inadvertent administrative error. Docket 23 at 3. In her declaration accompanying this motion, Ariel Clarke, counsel for Amazon, states that upon notice of this case on September 23, 2026, she "immediately took steps for admission to this Court, to file a responsive pleading on Amazon's behalf, and to set aside the entry of default in this matter." Docket 23-1 at 1. Clarke assures the court Amazon did not willfully or purposefully avoid participation in this action. *Id.*

Sowles contests Amazon's framing of its administrative mishap. Sowles agrees that he is not claiming Amazon deliberately avoided responding to his case. Docket 24 at 4. But Sowles argues that Amazon has not provided a sufficient factual basis for the court to determine how the oversight occurred. *Id.* at 5. Sowles also points the court to his prior Equal Employment Opportunity Commission (EEOC) proceedings that put Amazon on notice of Sowles' right to sue. *Id.* at 7. Based on Amazon's awareness of a potential federal action and its failure to identify the specific cause of its inadvertent

error, Sowles asks the court to deny Amazon's motion to set aside the entry of default. *Id.*

Heavily focusing on the culpability or blameworthiness factor, Eighth Circuit precedent consistently "distinguish[es] between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Johnson*, 140 F.3d at 784.

Amazon promptly responded to the clerk's entry of default, which does not support a finding of culpability. In *Grant v. City of Blytheville*, 841 F.3d 767, 772 (8th Cir. 2016), the Eighth Circuit affirmed the district court's decision to set aside the entry of default because the city's delay in filing was not a result of bad faith or intentional effort to delay. In *Grant*, the city filed its answer three months late after receiving a copy of the clerk's default and the district court found good cause to set aside the default even though the city's delay was substantial. *Id.* at 771-72. In this case, Amazon acted quicker than the city in *Grant*. Amazon filed its motion to set aside the default entry eight days after the clerk's entry of default. Docket 23. Like in *Grant*, and as Sowles concedes, there is no indication that Amazon acted willfully to delay or avoid responding to this action based on its prompt response. *See also Bell v. Perry Cnty. Sheriff's Dept.*, 2007 WL 1464378, at *2 (E.D. Mo. May 17, 2007) (granting the defendant's motion to set aside the entry of default in part because defendant promptly filed her motion within fourteen days of the filing of the entry of default).

The court finds Amazon's actions were not an intentional delay or disregard for court deadlines. Rather, Amazon suffered a mere oversight in failing to inform its outside counsel of the pending action. When Amazon discovered this oversight, defense counsel promptly addressed the issue by filing a motion to set aside the default, demonstrating its failure to respond was a mistake, rather than a purposeful delay. Because of Amazon's promptness, Amazon has indicated an ability to abide by this court's rules. Thus, Amazon's marginal failure to meet pleading deadlines supports its motion to set aside the clerk's entry of default.

## II. Meritorious Defense

Amazon asserts that it has good faith, meritorious defenses to Sowles' employment claims. Docket 23 at 3. In its answer attached to its motion to set aside the entry of default, Amazon lists several defenses including the fact that Sowles does not qualify as an individual with a disability under the Americans with Disabilities Act, that Sowles failed to state a claim upon which relief may be granted, and that Sowles' termination was based on legitimate, nondiscriminatory, and nonretaliatory business reasons. Docket 22-1 at 6-7; Docket 23 at 3.

In response, Sowles argues that Amazon previously raised these defenses during the EEOC proceedings. Docket 24 at 8. Sowles also points the court to the § 1915 screening order, which Sowles claims is inconsistent with Amazon's failure to state a claim defense and the argument that Sowles is not a qualified individual. *Id.* at 8-11.

To determine if the defendant has a meritorious defense, the court "examin[es] whether the proffered evidence would permit a finding for the defaulting party." *Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008) (quoting *Johnson*, 140 F.3d at 785) (internal quotation marks omitted). "Bald allegations without the support of facts underlying the defense, will not sustain the burden of the defaulting party to show cause why the entry of default should be set aside; the trial court must have before it more than mere allegations that a defense exists." *Id.* (citation modified) (quoting *Fink v. Swisshelm*, 182 F.R.D. 630, 633 (D. Kan. 1998)).

As summarized in Amazon's brief, its meritorious defenses relate to the core issues of Sowles' discrimination claims because they relate to whether Sowles was a qualified individual with a disability, whether Amazon actually discriminated against Sowles based on the alleged disability, and whether Amazon had a legitimate reason for termination. *See* Docket 25 at 2-3. These routine discrimination defenses are adequately supported by the facts in Amazon's answer supplemented with the admissions in Sowles' reply. Amazon identified inconsistencies with Sowles' dates of diagnosis and employment termination that demonstrate potential for a judgment in favor of Amazon. *Id.*; Docket 24 at 16.

Responding to Sowles' argument based on the court's screening order, Amazon claims that the screening procedure is limited and does not determine whether Amazon may establish a meritorious defense. Docket 25 at 4. The court agrees. Even though a complaint survives § 1915 screening, this does

"not foreclose subsequent Rule 12 motions[.]" *Shaw v. Kaemingk*, 4:17-CV-04116-KES, 2019 WL 1388630, at *2 n.1 (D.S.D. Mar. 27, 2019). Amazon's defense alleging that Sowles failed to state a plausible claim for relief is still a viable defense regardless of the court's screening order.

Amazon has provided factual evidence and arguments to support its defenses. The court finds that these defenses are sufficient to set aside the clerk's entry of default based on the court's preference to decide cases on the merits.

**III. Prejudice to Sowles if the Entry of Default is Set Aside**

Amazon argues that because this case is at its earliest stages, setting aside this entry of default will not further delay this case. Docket 23 at 4. Amazon distinguishes this case from another where a motion to set aside an entry of default was denied because the defendant waited years after the entry of default, while Amazon's delay was merely days. *See Stephenson*, 524 F.3d at 915 (affirming the district court's denial of defendant's motion to set aside the entry of default that was filed almost three years from the time default was entered).

Sowles disagrees and claims that the underlying factual controversy arose nineteenth months before he filed this action in federal court, when he was terminated in October 2024. Docket 24 at 16. As a result of the time passed, Sowles believes any further delay may "increase the difficulty of discovering and presenting historical evidence[,]" specifically and communications related to his termination. *Id.* at 18.

The Eighth Circuit has stated that "[s]etting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.' " *Johnson*, 140 F.3d at 785 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (per curiam)). Neither delay in litigation or allowing a defaulting party to defend on the merits are sufficient grounds to establish prejudice. *Stephenson*, 524 F.3d at 915.

Sowles relies on Amazon's delay to show that evidence may be lost or difficult to discover but this is not enough to support a finding of prejudice. The entry of default pertains that to this action was filed in May 2026. Thus, the court will not consider the time gap between Sowles' termination and Sowles' filing date with this federal court in its prejudice analysis. There is no indication that an eight-day delay caused discovery issues, or that this extension will harm Sowles, because it is akin to typical extensions allowed in this court. This case remains in its early stages and few deadlines have passed. And Amazon has stated that it is "prepared to comply with all scheduling orders and discovery obligations in this matter." Docket 25 at 3. Because Sowles has not identified any potential prejudice, this factor supports Amazon's motion to set aside the entry of default.

**CONCLUSION**

After finding that all three factors weigh in favor of Amazon and in light of the judicial preference to adjudicate claims on their merits, the court finds that there is good cause to set aside the clerk's entry of default. Thus, it is

ORDERED that Sowles' motion for default judgment (Docket 15) is denied. It is

FURTHER ORDERED that Amazon's motion to set aside the default (Docket 23) is granted. It is

FURTHER ORDERED that Amazon's motion for leave to file an answer (Docket 22) is granted. The answer attached to its motion at Docket 22-1 shall be filed.

Dated November 17, 2026

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE